Anthony J. Nunes (SBN 290224)
Nunes Worker Rights Law, APC
15260 Ventura Blvd, Suite 1200
Sherman Oaks, CA 91403
Telephone: 530-848-1515
Fax: 424-252-4301
tony@nunesworkerrightslaw.com

Attorneys for Plaintiff FERNANDO GUTIERREZ, on behalf of himself and all others
similarly situated

# UNITED STATE DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GUTIERREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>JOLT DELIVERY, LLC., a California corporation, TOOGOTOO, INC., a Delaware corporation, known as JOLT, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Unlawful Misclassification**<br>2. **Failure to Pay Minimum Wage**<br>3. **Failure to Reimburse (Labor Code Section 2802)**<br>4. **Failure to Pay Overtime**<br>5. **Failure to Provide Meal Periods**<br>6. **Failure to Provide Rest Periods**<br>7. **Violation of Labor Code Sections 201- 203**<br>8. **Failure to Provide Accurate Wage Statements**<br>9. **Unfair Business Practices (Business & Practices Section 17200)**<br>10. **Violation of Labor Code Section 2699 (PAGA)**<br>11. **Collective Action - Violation of the Fair Labor Standards Act ("FLSA," 29 U.S.C. 201, et seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

Plaintiff FERNANDO GUTIERREZ ("Plaintiff") alleges, on behalf of himself and on behalf of all others similarly situated, causes of action against Defendants, each of them, as follows:

## I.

## __INTRODUCTION__

1.      This is an action brought on behalf of current and former drivers for JOLT Delivery, LLC, and TOOGOTOO, INC., (hereinafter "Defendant" or "Jolt").  Jolt operates a restaurant delivery courier service business in California, including in Los Angeles County.

2.      Plaintiff is a former driver for Jolt in Los Angeles, California. Plaintiff and other Jolt drivers were paid as exempt "independent contractors," and not as non-exempt, hourly employees, as required by law for commercial drivers like Plaintiff and the class he seeks to represent.

3.      Jolt misclassified and continues to misclassify its drivers as independent contractors, when under California law, these drivers must be classified as non-exempt, hourly workers.

4.      Jolt drivers have no discretion or supervising authority while performing their driving duties for Jolt.  All of the drivers who work for Jolt are required to comply with requirements and policies imposed on them by Jolt.

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

5.    Jolt implements, controls, and manages, all Jolt driver policies, pick-up and delivery, scheduling, marketing, accounting, and customer service.  All driving work by Jolt drivers is fully integrated into Jolt's business.

6.    Jolt exercises full control over the policies and procedures for its drivers.  Jolt exercises full control over when, where, and for whom Jolt drivers make Jolt deliveries.

7.    Jolt's misclassification of its drivers as independent contractors is a violation of the California Labor Code as well as California Industrial Welfare Commission ("IWC") Wage Order No. 9-2001, as amended ("Wage Order No. 9") which include:

a.    Failing to reimburse its drivers for employment-related expenses, including fuel, mileage, and insurance;

b.    Failing to pay its drivers overtime compensation for hours worked in excess of 8 hours in one day and/or 40 hours in one week;

c.    Failing to pay its drivers premium wages for missed meal periods;

d.    Failing to pay its drivers premium wages for missed rest periods;

e.    Failing to pay its drivers minimum wage as required by California law for every hour worked;

f.    Failing to maintain accurate employment records for its drivers in California;

g.    Failing to pay its drivers amounts owed at the end of employment; and

h.    Failing to pay its drivers accrued vacation.

8.    Plaintiff seeks unpaid wages and overtime, reimbursement for fuel and mileage, and related Labor Code violations, on behalf of himself and the proposed class and subclasses.

## II.

## PARTIES

### Plaintiff

9.    Plaintiff commenced his employment as a driver for Defendant in March 2017.

10.    Plaintiff was not reimbursed for any of his work-related expenses, including fuel, mileage, or maintenance for his vehicle.

11.    Plaintiff was never paid an hourly wage or overtime for his work for Defendant.

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

12.    Plaintiff was not provided with an opportunity to take meal or rest breaks.  Plaintiff was not compensated any monies in lieu of these breaks.

**<u>Defendants</u>**

13.    Jolt Delivery, LLC, is a California corporation, regularly and systematically doing business in the County of Los Angeles, and throughout California.

14.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names under California Code of Civil Procedure §474.  Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

15.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

16.    Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the putative class.  Plaintiff is informed and believes and thereon alleges that at all times relevant to this action, the named Defendant and Defendants DOES 1 through 100 were affiliated and were an integrated enterprise.

17.    Plaintiff is informed and believes and thereon alleges that at all relevant times each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other class members, and exercised control over the wages, hours, and working conditions of Plaintiff and the other class members.  Plaintiff is informed and believes and thereon alleges that, at all relevant times, each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants; and

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

that each defendant acted pursuant to a conspiracy and agreement to do the things alleged herein.

## III.

## PLAINTIFF'S CLAIMS

18.    Jolt is a company which hires drivers to retrieve and deliver meals to Jolt customers through Jolt drivers.  Jolt drivers undergo a background check, and are screened, controlled, and paid by Jolt.  Jolt drivers are subject to and required to abide by Jolt's uniform policies, rules, and procedures.

19.    In an effort to avoid providing its drivers with the minimum benefits and protections afforded to employees in California, Jolt willfully and uniformly misclassified its drivers as independent contractors.

20.    Jolt schedules shifts as though it drivers were non-exempt hourly employees and typically schedules four to five hour shifts (e.g. 4 pm – 9 pm). Jolt's dispatch operators controlled Plaintiff's scheduled work shifts and the number of deliveries assigned to each Jolt driver.

21.    Jolt delivery drivers were directed to wear "Jolt" shirts while performing deliveries.

22.    Jolt required Plaintiff to download an employee scheduling software program known as "When I Work" to his cell phone.  Jolt dispatchers use the software program to determine shift hours and assign deliveries.  Jolt requires

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

drivers to keep the software program on and active 24-hours a day, even when not performing deliveries.

23.    Once a delivery order has been assigned to a driver, the driver has no way to contact either the jolt dispatcher or customer in order to decline the delivery assignment.

24.    The "When I Work" software is designed for hourly employees, not independent contractors.  When I Work's website homepage (www.wheniwork.com) describes the software as "employee scheduling software" and describes its purpose for employees as follows:

> When I Work was built to serve the *employee* scheduling and communication needs of workplaces across a wide range of industries.  We make scheduling staff easy for coffee shops, restaurant, customer service departments, retail shops, colleges, healthcare organizations, nonprofits, and many, many other types of workplaces.  If you have *hourly employees*, we can help make scheduling, communication, and collaboration easier for you and your team.  (Italicization added.)

25.    Plaintiff was required to interview and undergo a background screening in order to become a Jolt driver.

26.    Plaintiff was required to purchase two catering bags, and a pizza-size delivery bag.  Approximately two hundred dollars or more ($200+) was deducted from Plaintiff's first paycheck for theses work-related expenses.

27.    Jolt also required Plaintiff to pay for all employment-related expenses, including fuel, mileage, and auto insurance.

28.     Plaintiff frequently had to pay restaurants in advance to pick-up delivery orders.  If the customer failed to pay for any or all of their charges, these expenses were covered out-of-pocket by Plaintiff.  Plaintiff and other Jolt drivers paid these out-of-pocket expenses and was never reimbursed.

29.     Jolt dictates, supervises, and controls the manner and methods by which Jolt drivers accomplish their work.

30.     Jolt unilaterally sets the price of each delivery and sets the rate of pay for its drivers.

31.     Plaintiff and class members were regularly paid less than minimum wage because the delivery pay rate set by Jolt divide by hours worked resulted in drivers receiving less than the California minimum wage.

32.     Jolt retains the right to hire and fire drivers.  Jolt drivers do not engage in a business distinct from that of Jolt.  Jolt drivers' work does not involve any managing, supervising, or discretionary duties.  Aside from their vehicles, Jolt drivers have no monetary investment in Jolt.

33.     Jolt does not pay its drivers a wage for each hour, or portion thereof, worked.  Instead, Jolt pays its drivers using a formula, determined solely and unilaterally by Jolt, based upon the amount Jolt receives from its customers.  As a result, Jolt drivers are not paid for all of the hours worked, not paid at least the minimum wage required by California law for each hour worked, and not paid

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

overtime compensation for hours worked in excess of 8 hours a day and/or 40 hours a week.

34.     Based on Defendants' misclassification of Plaintiff and other Jolt drivers as independent contractors, Plaintiff seeks to represent a class of Jolt drivers for reimbursement.  Jolt drivers are required to bear many of the expenses of their employment, including expenses for their vehicle, gas, insurance and other expenses.

35.     California law requires employers to reimburse employees for such expenses, as they are for the benefit of the employer and are necessary for the employees to perform their jobs.  Jolt failed and continues to fail to reimburse its drivers for such expenses.

36.     In addition, based on their misclassification as independent contractors, Jolt drivers do not/did not receive meal breaks, or rest breaks as required by the California Labor Code and Wage Order No. 9.

37.      Further, based on their misclassification as independent contractors, Jolt drivers did not receive accurate wage statements.

38.     Plaintiff is a former Jolt driver who was misclassified by Jolt as an independent contractor.  Plaintiff's primary duties were non-exempt and he had little, if any, discretion in his driving work for Jolt.

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

# IV.

## CLASS ALLEGATIONS

39.     Plaintiff brings this cause of action on behalf of himself and on behalf of all persons similarly situated, ("the class") as alleged herein.  This action is brought and may properly be maintained as a class action pursuant to the provisions of California Code of Civil Procedure section 382, Federal Rule 23, and other applicable law pertaining to class actions.

40.     The proposed class Plaintiff seeks to represent is presently defined as follows:

> Proposed Class:
>
> All Jolt drivers who work or have worked for Jolt in California within the four years prior to the date of the filing of this Complaint through the date of the final disposition of this action.

41.     The proposed subclasses Plaintiff seeks to represent is presently defined as follows:

> Meal Period and Rest Break Subclass:
>
> All persons who have worked for Defendant during the Liability Period who are owed unpaid wages for missed meal periods and rest breaks.
>
> Failure to Pay Overtime subclass:
>
> All persons who have worked for Defendant during the Liability Period who are owed under the Labor Code for unpaid overtime.

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

42.    Plaintiff is a member of the proposed class and subclasses.

43.    There is a well-defined community of interest in the litigation and the class is ascertainable.

A.    **Numerosity**: The class is so numerous that individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that the class consists of 100 persons or more.

B.    **Common Questions Predominate**:  Common questions of law and fact exist as to all class members, and predominate over any questions that affect only individual members of the class.  The common questions of law and fact include, but are not limited to:

i.  What were and are the policies, programs, practices, procedures and protocols of Defendants regarding class members' actual work and tasks, and their job duties irrespective of job titles;

ii.  Whether Defendants are and were subject to overtime requirements contained in the California IWC Wage Orders and other California law with respect to the class members pursuant to Labor Code Section 510, and Wage Order, No. 4-2001, for the period

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

commencing four years prior to the date of the filing of this

complaint and continuing through the date of judgment;

iii.  Whether Defendants' policy and practice of classifying class

members as exempt from overtime entitlement under California law

and Defendants' policy and practice of failing to pay overtime to the

California class members violate applicable provisions of California

law, including applicable statutory and regulatory authority;

iv.  Whether Defendants unlawfully failed to pay overtime

compensation in violation of the California Unfair Competition Law,

Cal. Bus. & Prof. Code §17200 et seq., and the California Labor

Code and related regulations, Cal. Labor Code §§ 201, 202, 203,

226, 510, 1174, 1174.5, and 1194, the applicable Cal. Wage Orders;

v.  Whether Defendants violated California law by their policies,

programs, practices, procedures and protocols regarding rest periods

for class members;

vi.  What were and are the policies, programs, practices, procedures and

protocols of Defendants regarding furnishing to the class members,

upon each payment of wages, itemized statements required by Labor

Code section 226;

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

vii.  Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding furnishing to the class members, upon each payment of wages, itemized statements required by Labor Code section 226;

viii.  Whether Defendants violated Business & Professions Code sections 17200 *et seq.* by their policies, programs, practices, procedures and conduct referred to in this cause of action;

ix.  Whether Defendants obtained voluntarily waivers with consent and full disclosure, and whether a written signed waiver is effective as to all future meal and rest periods;

x.  The proper *measure of* damages sustained and the proper measure of restitution recoverable by members of the California class; and,

xi.  Additional common questions of law and fact may develop as the litigation progresses.

C.    **Typicality**: Plaintiff's claims are typical of the claims of the class. Plaintiff and other class members sustained losses, injuries and damages arising out of the Defendants' common policies, programs, practices, procedures, and course of conduct referred to in each cause of action and throughout this Complaint, which were applied uniformly to class members as well as Plaintiff.

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

Plaintiff seeks recoveries for the same types of losses, injuries, and damages as were suffered by the other class members as well as Plaintiff.

D.    **Adequacy**: Plaintiff and his counsel will fairly and adequately protect the interests of the class.  Plaintiff has no interest that is adverse to the interests of the other class members.

E.    **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Also, because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public of adjudication of individual litigation and claims would be substantial, and substantially more than if the claims are treated as class action.  Individual litigation and claims would also present the potential for inconsistent or contradictory results.

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

F.    **Public Policy Considerations**: Defendants and other employers throughout the state violate wage and hour laws.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are often fearful of bringing claims because doing so can harm their employment and future employment and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them.

## V.

## CAUSES OF ACTION

### First Cause of Action

### Unlawful Misclassification
### (Labor Code § 226.8)

44.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

45.    California Labor Code section 226.8 provides: "It is unlawful for any person or employer to engage in any of the following activities: (1) Willful misclassification of an individual as an independent contractor.  (2) Charging an individual who has been willfully misclassified as an independent contractor a fee, or making any deductions from compensation, for any purpose, including for goods, materials, space rental, services, government licenses, repairs, equipment

maintenance, or fines arising from the individual's employment where any of the acts described in this paragraph would have violated the law if the individual had not been misclassified."

46.    Defendants and each of them, have violated Labor Code Section 226.8 by willfully misclassifying Plaintiff and the class members as independent contractors and by charging Plaintiff and the class members fees and making unlawful deductions from their compensation.

47.    As a result of Defendants' actions in violation of Labor Code Section 226.8, Plaintiff and the class members have suffered and continue to suffer, damages according to proof at trial.

48.    Pursuant to Labor Code Section 226.8(b), "If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a), the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law.

49.    Pursuant to Labor Code Section 226.8 (c):  "If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a) and the person or employer has engaged in or is engaging in a pattern or practice

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

of these violations, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law."

50.     Hence, Plaintiff and each class member are entitled to and hereby seek, payment from Defendant of civil penalties pursuant to Labor Code Sections 226.8(b) and (c).

## Second Cause of Action

### Violation of California Labor Code §§ 1182.12, 1194, 1197 and 1197.1 (Unpaid Minimum Wages)

51.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

52.     Jolt unilaterally sets the price of each delivery and sets the rate of pay for its drivers.

53.     Plaintiff and class members were regularly paid less than minimum wage because the delivery pay rate set by Jolt divide by hours worked resulted in drivers receiving less than the California minimum wage.

54.     Labor Code Section 1194 provides in pertinent part: "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

55.     Labor Code Section 1197 provides that the "minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

56.     Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1 and the applicable Wage Order, Wage Order No. 9, by willfully failing to pay all minimum wages due to Plaintiff and the class members.

57.     Plaintiff and the class members seek all actual, consequential and incidental losses and damages, including, unpaid minimum wages, interest thereon, attorneys' fees, and costs.

58.     In addition to the above- amounts, Plaintiff and the class he seeks to represent will seek to recover one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid for any initial violation that is intentionally committed,  and two hundred fifty dollars ($250) for each subsequent violation for the same specific offense, for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

## **Third Cause of Action**

### **Failure to Reimburse**
### **(Labor Code §§ 2802)**

59.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

60.    Labor Code section 2802(a) provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

61.    Throughout the class period, Plaintiff and all other class members incurred necessary expenditures in direct consequence of their duties as Defendants' drivers and/or their obedience to Defendants' directions, for which they received no reimbursement, including, but not limited to, gas, mileage and maintenance.

62.    Throughout the class period, Plaintiff and all other class members frequently had to pay restaurants in advance to pick-up delivery orders.  If the customer failed to pay for any or all of their charges, these expenses were covered out-of-pocket by Plaintiff.  Plaintiff and all other class members paid these out-of-pocket expenses and were never reimbursed.

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

63.     Labor Code section 2802(b) provides for interest on all awards made by a court from the date upon which the employee incurred the necessary expenditure or loss.

64.     Labor Code section 2802(c) provides that "necessary expenditures or losses" includes all reasonable costs including attorney's fees incurred by the employee to enforce the rights afforded under this provision.

65.     Defendants misclassifies drivers as independent contractors, and fails to reimburse them for expenses they paid, including, gas, mileage and vehicle maintenance, that should have been borne by their employer, which constitutes a violation of California Labor Code Section 2802.

66.     In failing to reimburse Plaintiff and class members for expenses paid, Defendants acted maliciously, oppressively, and despicably, with the wrongful intention of causing injury and hardship to Plaintiff and class members by reaping economic gain at Plaintiff and the class members' expense, in willful and conscious disregard of Plaintiff and class members' statutory and regulatory rights.

67.     Plaintiff and the class members are entitled to recover an award from Defendant of the full amount of all unreimbursed necessary expenditures, plus interest and reasonable attorneys' fees.

## **Fourth Cause of Action**

### **Failure to Pay Wages at Overtime Rate**
### **(Labor Code §§ 510, 1194, 1198 and 1199, IWC Wage Orders, and Related Violations)**

68.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

69.    Throughout the period applicable to this cause of action, Plaintiff and the class members worked in excess of forty (40) hours per week and/or in excess of excess of eight (8) hours per day.

70.    Throughout the period applicable to this cause of action, Defendants did not pay Plaintiff or class members at the required overtime rates for the work described in the preceding paragraphs.

71.    Labor Code Section 1194(a) provides in pertinent part: "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney s fees, and costs of suit."  Plaintiff and the class members were denied the legal minimum wage and the legal overtime compensation as detailed herein.  Pursuant to California Labor Code section 1194, Plaintiff and the class members are entitled to recover unpaid

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

overtime compensation, and other unpaid wages, plus interest, plus attorneys' fees and costs.

72.    Wage Order No. 9 provide that employees in California shall not be employed more than 8 hours in a day and/or 40 hours in a week, unless they received additional compensation beyond their regular rate of pay in amounts set by law.

73.    Plaintiff and the class members worked in excess of 8 hours a day and/or 40 hours a week as drivers for Defendants.

74.    Defendants failed to pay Plaintiff and the other class members, premium overtime compensation for the hours they worked in excess of the maximum hours permissible by law (Labor Code §1198).

75.    As a direct and proximate result of Defendants' unlawful conduct and failure to pay premium overtime compensation, as set forth herein, Plaintiff and the class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

76.    Pursuant to Labor Code Section 1199, "Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one

hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following: (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission. (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission. (c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission." Defendant violated section 1119 as described herein.

## Fifth Cause of Action

### Failure to Provide Meal Periods
### (Labor Code §§ 226.7 and 512)

77.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

78.     Throughout the period applicable to this cause of action, California law, as set forth in relevant part by the Industrial Welfare Commission Wage Order No. 9 at section (11), provided as follows:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . .

(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

79.    Labor Code Section 512 states that an "employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" if and when such employees work more than 5 hours in any given workday.  Labor Code Section 512 further requires two 30 -minute duty-free meal periods when an employee works more than 10 hours in any given workday.

80.    Labor Code section 226.7 requires payment of one (1) hour of pay in lieu of each meal periods not provided by the employer.

81.    Throughout the period applicable to this cause of action, Defendants failed to consistently allow and provide one or more duty-free 30-minute meal periods in violation of Labor Code section 510 and Wage Order No. 9, as required by California law.

82.    By virtue of this unlawful conduct, Plaintiff and the class members are entitled to compensation as stated above, plus interest, attorneys' fees, costs and other applicable relief.

83.    Throughout the period applicable to this cause of action, Defendants required Plaintiff and the class members to work during meal periods mandated by the applicable orders of the Industrial Welfare Commission.  Therefore, Plaintiff and the class members are entitled to be paid as stated in Labor Code section 226.7, plus interest, attorneys' fees, costs and other applicable relief.

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

84.    On information and belief, Plaintiff alleges that the class members did not voluntarily or willfully waive rest and/or meal periods and were regularly required to work through meal periods.  Defendants failed to meet the requirements for lawful on-duty meal periods and/or instituted a course of conduct that created a working environment in which non-exempt employees were incapable of taking rest and/or meal periods.  As such, non-exempt employees were intimidated or coerced into waiving meal periods, and any written waivers were obtained without full disclosure and are thus involuntarily and without consent.

85.    Plaintiff and the class he seeks to represent request relief as described herein.

### Sixth Cause of Action

**Failure to Provide Rest Periods**
**(Labor Code § 226.7)**

86.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

87.    Wage Order No. 9, Section 12, requires each employer to provide each of its employees with at least one rest period of 10-minutes rest time for each 4 hours, or major fraction thereof, that each such employee works during each workday.

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

88.     Labor Code Section 226.7 provides that if an employer fails to provide an employee with a rest period in accordance with Wage Order No. 9, the employer must pay such employee(s) one additional hour of pay at the employee's regular rate of pay for each day that such a rest period was not provided.

89.     By their failure to provide rest periods for every four (4) hours or major fraction thereof worked per workday by non-exempt employees, and failing to provide one (1) hour's pay in lieu thereof, as alleged above and herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and IWC Wage Orders at section (12).

90.     By failing to keep adequate time records required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendants have injured Plaintiff and class members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiff and members of the Plaintiff class.  On information and belief, Plaintiff alleges that Defendants' failure to maintain accurate records was willful.

91.     As a result of the unlawful acts of Defendants, Plaintiff and the class members he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to an accounting and recovery of such

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

amounts, plus interest and penalties thereon, attorneys' fees, and costs, under the Labor Code and the applicable IWC Wage Orders.

## Seventh Cause of Action

### Violation of Labor Code Sections 201- 203

92.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

93.    Plaintiff and many of the other class members quit or were discharged from their employment within the statute of limitations period applicable to this cause of action.

94.    Defendants failed to pay said employees, without abatement, all wages (as defined by applicable California law) within the time required by applicable California law.  Among other things, these employees were never paid any of the overtime compensation referred to in this Complaint, nor were they paid the other unpaid wages referred to in this Complaint.  Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

95.    As of the filing of the Complaint, Defendants failed to timely pay wages due, and Plaintiff and class members are owed penalties pursuant to Labor Code sections 201, 202, 203.

96.     Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee.  Because none of said employees were ever paid the overtime wages to which they were entitled, and were never paid other unpaid wages referred to in this Complaint, each employee is entitled to thirty days' wages.

## Eighth Cause of Action

### Failure to Furnish Accurate Wage Statements
### (Labor Code §§ 226(b), 1174, 1175)

97.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

98.     Labor Code section 1174(d) requires that every employee maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate aid to, employees employed" in California.

99.     Wage Order No. 9, Section 7 requires every employer in California to "keep accurate information with respect to each employee including"… "[t]ime records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded."

100.   Plaintiff is informed and believes and upon that basis alleges, that Defendant has failed to maintain accurate records in compliance with Labor Code

section 1174 and/or Wage Order No. 9 for Plaintiff and the class.  Pursuant to Labor Code Section 1174.5, Plaintiff and the class are entitled to each collect a civil penalty from Defendant in the amount of $500.

101.   Labor Code section 226 requires each employer to furnish accurate itemized wage statements at the time of payment reflecting (1) the gross wages earned, (2) the total hours worked, except for those whose compensation is based solely on a salary and who is exempt, (3) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the dates of the period for which the employee is paid, (7) the name of the employee and last four digits of the employee's social security number or identification number, (8) the name and address of the legal entity that is the employer , and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee beginning July 1, 2013.

102.   Throughout the period applicable to this cause of action, Defendants intentionally failed to furnish to Plaintiff and the class members, upon each payment of wages, itemized statements accurately showing, among other matters: total hours worked, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

103.    Plaintiff and the class members were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid overtime, even though they were so entitled, and because the failures hindered them from determining the amounts of overtime wages owed to them.

104.    Plaintiff and the class members are entitled to the amounts provided for in Labor Code section 226(e), which provides for each employee to recover from Defendant fifty dollars ($50) for the initial pay period in which a violation occurred, and one-hundred dollars ($100) per class member for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per class member.

105.    Plaintiff and the class members are entitled to an award of attorney fees plus costs.

## Ninth Cause of Action

### Violation of Unfair Competition Law
### (Bus. and Prof. Code § 17200 *et seq.*)

106.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

107.    Plaintiff brings this action on behalf of himself and each and all members of the general public, including the class, pursuant to Business and Professions Code sections 17200 *et seq.*  Defendants' conduct alleged above

constitutes unlawful business acts and practices in violation of Business & Professions Code sections 17200 *et seq.* Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia,* each of the following laws, Labor Code sections 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802, and applicable Wage Orders, including Wage Order No. 9.

108.   Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.  The harm to Plaintiff and the class members in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

109.   The unlawful and unfair business practices and acts of Defendants, and each of them, described above, have injured the class members in that they were wrongfully denied the payment of earned overtime wages.

110.   Plaintiff, on behalf of himself and the class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

hours in a work week, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

111.    Pursuant to Business and Professions Code sections 17200 *et seq.*, for the statute of limitations period covered by this cause of action, Plaintiff and the class members are entitled to restitution for at least the following:  the unpaid overtime earnings and other unpaid earnings withheld and retained by Defendants referred to above.

112.    Plaintiff, the class members, and the general public are also entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging in the violations and other misconduct referred to above.

113.    Defendant is also liable to pay attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable law, and costs.  The Plaintiff, on behalf of himself and all class members, also seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

/ / /

/ / /

/ / /

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

## **Tenth Cause of Action**

### **Violation of Labor Code Section 2699 (PAGA)**

114. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

115. As a result of the acts alleged above, Plaintiff and the class he seeks to represent seek penalties under Labor Code §§201-203, 212, 226, 226.7, 510, 1182.12, 1194, 1197, and 1197.1.

116. For each such violation, Plaintiff and the class he seeks to represent are entitled to penalties in an amount to be shown at the time of trial subject to the following formula: $100 for the initial violation per employee per pay period, and $200 for each subsequent violation per employee per pay period.

117. These penalties shall be allocated 75% to the Labor and Workforce Development Agency ("LWDA") and 25% to the affected employees.

118. Plaintiff filed a PAGA complaint online with the LDWA on or about July 24, 2017, and served Defendants by certified mail as prescribed by the Labor Code.

119. On October 6, 2017, Plaintiff amended the his PAGA complaint with the LDWA clarifying Plaintiff's misclassification claim, and served Defendants with the amended PAGA letter by certified mail as prescribed by the Labor Code.

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

120.   Plaintiff and the class he seeks to represent seek penalties as the LDWA is not investigating pursuant to Labor Code §2699.3(a)(2)(A).

121.   WHEREFORE, Plaintiff and the class he seeks to represent request relief as described herein and below and as deemed just.

## Eleventh Cause of Action

### Violations of the Fair Labor Standards Act ("FLSA," 29 U.S.C. 201, *et seq.*)

122.   At all times relevant herein, Named Plaintiff and the collective class members are/were employed with Defendants as "employees" within the meaning of the FLSA.

123.   Plaintiff is informed and believes, and thereon alleges, that Defendants have required collective class members, as part of their employment, to work without receiving the minimum wage for all hours worked, under 29 U.S.C. § 206(a).  That section provides the following: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [minimum wage]."

124.   Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.  Plaintiff is informed and believes, and thereon alleges,

that Defendants have required, or require collective class members, as part of

their employment, to work without additional compensation, such as overtime

pay, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1).

That section provides the following: "Except as otherwise provided in this

section, no employer shall employ any of his employees for a workweek longer

than forty hours unless such employee receives compensation for his employment

in excess of the hours above specified at a rate which is not less than one and one-

half times the regular rate at which he is employed."

125.   Plaintiff is informed and believes, and based hereon, alleges that

Defendants have required and/or require the collective class members, as part of

their employment, to work without compensation for all hours worked, to work

beyond forty hours per week without the payment of overtime compensation,

and/or to work at a wage less than the minimum wage, pursuant to, *inter alia*, 29

U.S.C. §§ 206 and 207(a)(1).

126.   The FLSA claims are brought not only for alleged overtime

violations, but also for alleged off-the-clock and minimum wage violations as

well.  Indeed, in the performance of their duties for Defendants, Plaintiff and

collective class members often did work over forty hours per week, yet did not

receive straight or overtime compensation for the work, labor and services they

provided to Defendants, as required by the FLSA.  The precise number of unpaid overtime hours will be proven at trial.

127.   Defendants' violations of the FLSA were willful and are ongoing.

128.   Plaintiff proposes to undertake appropriate proceedings to have the collective class members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and given the opportunity to join this action as Plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents / joinders with the Court.  Attached hereto as Exhibit 1 is Plaintiff's consent to join.

129.   As a result of Defendants' unlawful conduct, Plaintiff and the collective class members have suffered damages as set forth herein.

130.   As a result of the foregoing, Plaintiff seeks judgment against Defendants on his own behalf, and on behalf of those collective class members similarly situated who file written consents to join in this action, for all unpaid wages, including overtime wages owed by Defendants to Plaintiff and the collective class members, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, *inter alia* 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all members of the class, pray for relief as follows:

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

1.     That the Court determine that this action may be maintained as a class action;

2.     That Plaintiff be appointed the representative of the proposed class and subclasses;

3.     That the attorneys of record for Plaintiff whose names appear in this Complaint be appointed class counsel;

4.     For civil penalties pursuant to Labor Code Sections 226(e), 226.8(b) and (c), 1174.5, 1197.1

5.     For compensatory damages representing the amount of unpaid wages owed to Plaintiff and the class members;

6.     For compensatory damages, representing the amount of unpaid overtime compensation owed to Plaintiff and all others similarly situated;

7.     For compensatory damages pursuant to Labor Code Section 226.7 for missed meal and rest breaks;

8.     For compensatory damages pursuant to Labor Code Section 2802;

9.     For reasonable attorneys' fees and costs pursuant to Labor Code Sections 1194, 2802(c), 226(e);

10.    For such general and special damages as may be appropriate;

11.    For liquidated damages as authorized pursuant to Labor Code Sections 1194.2,

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT

12. For waiting time penalties and civil penalties for all class members no longer in Defendants' employ at the time of Judgment;

13. For pre-judgment interest;

14. For restitution as described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

15. For permanent injunctive and declaratory relief described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

16. A declaratory judgment that the practices complained of herein are unlawful under California state law;

17. Attorney's fees and costs of suit, including expert fees pursuant to California Labor Code §§218.5, 1194, and Calif. Code Civ. Proc. §1021.5; and

18. Such other injunctive and equitable relief as the Court may deem proper.

DATED: November 15, 2017                    NUNES WORKER RIGHTS LAW, APC

By: Anthony J. Nunes, Esq.
Attorneys for Plaintiff, FERNANDO GUTIERREZ, on behalf of himself and all others similarly situated

FERNANDO GUTIERREZ V. JOLT DELIVERY, LLC. - COMPLAINT